FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ June 10 2005 ★
BROOKLYN OFFICE

RECEIVED
JUN - 2 2005
CHAMBERS OF JUDGE GLEESON

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MERKOS L'INYONEI CHINUCH, INC.,

         Plaintiff,

  -against-

OTSAR SIFREI LUBAVITCH, INC.,

         Defendant.

01 Civ. 7406 (JG) (MDG)

------------------------------------------------------------ x

## FINAL JUDGMENT ON CONSENT

WHEREAS, Merkos L'Inyonei Chinuch, Inc. ("Plaintiff") filed its above-captioned Complaint for copyright infringement, trademark infringement, trademark dilution, and unfair competition against Otsar Sifrei Lubavitch, Inc. ("Defendant") on November 5, 2001; and

WHEREAS, Plaintiff claims it is the owner of the trademark KEHOT, the trade name KEHOT PUBLICATION SOCIETY and the trademark KEHOT LOGO, a copy of which is annexed as Exhibit A hereto and made a part hereof, which is the subject of a pending application for registration on the Principal Register in the United States Patent and Trademark Office, No. 76/314,502; and

WHEREAS, Plaintiff claims it is the owner of registered copyright No. TX-4-508-037 issued November 12, 1996, as amended by CA TX 6-143-118 issued March 16, 2005, in a certain literary work entitled "Siddur Tehillat Hashem" (hereafter "Merkos Siddur") comprising inter alia an original English translation of traditional Hebrew prayers; and

WHEREAS, Defendant published and sold to the public a work also entitled "Siddur Tehillat Hashem" (hereafter "Otsar Siddur"), which work was alleged to be substantially similar to original copyrightable elements of the Merkos Siddur, and to which was affixed the trademark

KEHOT, the KEHOT LOGO and the trade name KEHOT PUBLICATION SOCIETY, all without permission of the Plaintiff; and

WHEREAS, after the sale of the Otsar Siddur was preliminarily enjoined by this court, Defendant published and distributed to the public a second publication likewise entitled "Siddur Tehillat Hashem" (hereafter "Revised Otsar Siddur"), which publication was alleged to be substantially similar to the original copyrightable elements of the Merkos Siddur, and which publication bore the trademark KEHOT and the KEHOT LOGO, all without permission of the Plaintiff; and

WHEREAS, the Complaint alleges willful infringement by Defendant of the copyright in the Merkos Siddur in violation of 17 U.S.C. § 101 et seq.; willful infringement of the KEHOT LOGO and the KEHOT trademark in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution of the distinctive and famous KEHOT LOGO trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c)(1) and in violation of New York General Business Law § 360-l; unfair competition in violation of New York General Business Law § 349, and unfair competition in violation of the common law of New York; and

WHEREAS, the Plaintiff and the Defendant wish to terminate this action by a final judgment upon consent without further proceedings and have stipulated and agreed to the entry of this judgment, and the Defendant has consented to the jurisdiction of this court; and good cause appearing:

NOW, THEREFORE, upon the consent of Plaintiff and Defendant, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## STIPULATIONS

A. The defendant stipulates that Plaintiff's copyright in the Merkos Siddur is valid and subsisting.

B. The defendant stipulates that Plaintiff's KEHOT trademark, trade name KEHOT PUBLICATION SOCIETY and KEHOT LOGO are widely recognized within the relevant

2

purchasing community as designating Plaintiff as the sole source of goods and services offered under the trade name and trademarks.

**FINAL INJUNCTION AND OTHER RELIEF**

1.  Defendant, its shareholders, officers, principals, agents, servants, representatives, successors, assigns, and all those persons or entities in active concert or participation with it (including, but not limited to Jakob Reich) having actual notice of the injunctive order, be and hereby are permanently enjoined in the United States, its territories and possessions ("the Territory") from:

   a.  Using, attempting to use, or causing to be used (including, without limitation, registering or attempting to register) either directly or through agents, servants, representatives, assigns, successors or other individuals or entities, the KEHOT trademark, the KEHOT LOGO and/or the trade name KEHOT PUBLICATION SOCIETY, in English or in any other language, either alone or in combination with other words or symbols, or any other term confusingly similar to Plaintiff's KEHOT trademark, KEHOT LOGO and/or the trade name KEHOT PUBLICATION SOCIETY, in connection with the advertising, promotion and distribution of any product or the provision of any service; or

   b.  Using the KEHOT trademark, the KEHOT LOGO and/or the trade name KEHOT PUBLICATION SOCIETY, or any variation thereof, in English or any other language, either directly or through agents, servants, representatives, assigns, successors or other individuals or entities, in a manner that is likely to cause confusion or mistake or otherwise deceive as to any affiliation, connection or association of Defendant with plaintiff, plaintiff's goods or services, and/or committing any other acts calculated or likely to cause confusion or mistake in the minds of the trade or the public; or

3

  c. Otherwise engaging in acts, either directly or through agents, servants, representatives, assigns, successors, or other individuals or entities, that dilute the distinctive quality of the KEHOT trademark, the KEHOT LOGO and/or the trade name KEHOT PUBLICATION SOCIETY; or

  d. Reproducing, making, reprinting, publishing, displaying, manufacturing, selling, offering for sale, promoting, advertising, distributing and/or commercially exploiting in any manner the Otsar Siddur, the Revised Otsar Siddur, or any other work substantially similar to the original copyrightable elements of the Merkos Siddur; or

  e. Listing, printing, posting, indexing, linking, storing, or otherwise associating, either directly or through agents, servants, representatives, assigns, successors, or other individuals or entities, the term KEHOT or any other term confusingly similar to KEHOT, in English or any other language, in connection with any commercial electronic activity in any form, including, but not limited to, visible, invisible, encrypted, searchable, or non-searchable forms, within web sites, web pages, home pages, Internet sites, Internet pages, data bases, Internet e-mail addresses, domain names, URL's, data bases, programs, or any other storage means, either temporary or permanent on the Internet or any other medium.

2. Defendant shall not regain possession of any volumes of the Otsar Siddur which were impounded by order of this court and will surrender to plaintiff all electronic copies of or electronic files containing copyrighted elements of the Otsar Siddur or Revised Otsar Siddur or thereof in its possession, custody or control not later than June 27, 2005 and represents (a) that there are no volumes of the Otsar Siddur or Revised Otsar Siddur in its possession, custody or control, (b) that to the best of its knowledge, appoximately 2000 copies of the Revised Otsar Siddur were printed and (c) that to the best of its knowledge, there is no inventory of the Revised Otsar Siddur held by any third party for resale or distribution.

4

3. Defendant shall withdraw with prejudice, pursuant to Trademark Rule 2.106(c), its pending Notice of Opposition in the United States Patent and Trademark Office, No. 91,156,049, against the registration of Plaintiff's KEHOT LOGO trademark on the Principal Register by filing with the Trademark Trial and Appeal Board a fully executed copy of the form annexed as Exhibit B hereto, not later than ten days after the court signs this Final Judgment on Consent, and neither Jakob Reich, nor defendant shall assist or cooperate with any other person or entity in opposing or seeking to cancel the registration of Plaintiff's KEHOT LOGO trademark on the Principal Register or in any future litigation involving plaintiff's rights in the KEHOT trademark, the KEHOT LOGO and/or the trade name KEHOT PUBLICATION SOCIETY, unless ordered to by a court of competent jurisdiction.

4. Defendant shall withdraw with prejudice its pending appeal in this action to the United States Court of Appeals for the Second Circuit, No. 04-6192-CV, by filing with that court a fully executed copy of the form annexed as Exhibit C hereto, not later than ten days after the court signs this Final Judgment on Consent.

5. All bonds posted by Plaintiff in the course of this action shall be and hereby are released.

6. Plaintiff stipulates that it will not oppose Defendant's motion and/or request to lift the $10,000 fine imposed by the Court in its Order of November 9, 2004

7. Each party shall bear its own costs and attorney's fees.

8. Except for those rights, duties, obligations, claims, causes of action, and defenses specifically created hereunder, Plaintiff, for itself its agents, employees, partners, successors, and assigns, hereby releases and forever discharges Defendant and Jakob Reich, of and from any and all claims, demands, causes of action, controversies, damages, losses, costs, expenses, and all other liabilities whatsoever, both in law and in equity, that plaintiff now has or ever may have had against defendant, from the beginning of the world to the date of this judgment arising in the

Territory, with respect to the subject matter of the action, including without limitation the judgment entered February 1, 2005 requiring Defendant to pay Plaintiff the sum of $121,000 in costs and attorney's fees.

9. Except for those rights, duties, obligations, claims, causes of action, and defenses specifically created hereunder, Jakob Reich and Defendant, for itself and its officers, shareholders, agents, employees, partners, successors, and assigns, hereby release and forever discharge Plaintiff and its agents, employees, partners, successors, and assigns of and from any and all claims, demands, causes of action, controversies, damages, losses, costs, expenses, and all other liabilities whatsoever, both in law and in equity, that defendant now has or ever may have had against Plaintiff, from the beginning of the world to the date of this Agreement, arising in the Territory with respect to the subject matter of the action.

10. This Court shall retain jurisdiction over all of the parties and over the subject matter of this action for purposes of interpreting and enforcing the terms of this Final Judgment on Consent.

11. Plaintiff and Defendant waive the right to appeal from or otherwise contest this Final Judgment on Consent, which may be entered without further notice to any party.

12. In the event a U.S. Federal Court of competent jurisdiction declares that the KEHOT trademark, KEHOT LOGO, the KEHOT PUBLICATION SOCIETY trade name and/or copyright in the Merkos Siddur are invalid or otherwise unenforceable and all appeals are exhausted or time to appeal expired, the relevant provisions of this Injunction will not apply.

June 6, 2005          SO ORDERED:

                              s/John Gleeson
                              _____
                              The Honorable John Gleeson
                              UNITED STATES DISTRICT JUDGE

Dated: May 27, 2005 at Brooklyn, New York

CONSENTED TO:

MERKOS L'INYONEI CHINUCH, INC.

By: _____

OTSAR SIFREI LUBAVITCH, INC.

By: _____
JAKOB REICH

We consent to the form and entry of this judgment:

COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
Attorneys for Plaintiff

By: _____
Kieran G. Doyle

KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Attorneys for Defendant

By: _____

7

**EXHIBIT A**



**EXHIBIT B**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
TRADEMARK TRIAL AND APPEAL BOARD

In The Matter of Application Serial No. 76/314,502
For the mark KEHOT & Design
filed September 19, 2001

------------------------------------------------------x
OTSAR SIFREI LUBAVITCH, INC.       :
                                   :       Opposition No. 91,156,049
                    Opposer,       :
       v.                          :
KEHOT PUBLICATION SOCIETY, a division :
of Merkos L'Inyonei Chinuch, Inc.
                                   
                    Applicant.     :
------------------------------------------------------x

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

## **WITHDRAWAL OF OPPOSITION**

Pursuant to Trademark Rule 2.106 (c), Opposer, Otsar Sifrei Lubavitch, withdraws the

opposition with prejudice.

Dated: May 31, 2005
       New York, New York

                              Respectfully submitted,
                              KIRKLAND & ELLIS, LLP
                              Attorneys for Opposer

                              By: _____
                              153 East 53rd Street
                              New York, NY 10022

11

12

## CERTIFICATE OF SERVICE

I hereby certify that I have this ___ day of _____ 2005, caused the foregoing Withdrawal of Opposition to be served upon Applicant, by mailing a copy first class mail, postage prepaid to Applicant's Attorney, Kieran G. Doyle, Esq., Cowan, Liebowitz & Latman, P.C. 1133 Avenue of the Americas New York, New York 10036.

_____

**Exhibit C**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

MERKOS L'INYONEI CHINUCH, INC., )
)
      Plaintiff - Appellee, ) NO. 04-6192 cv
)
      v. )
)
OTSAR SIFREI LUBAVITCH, INC., )
)
      Defendant - Appellant. )

## STIPULATION OF WITHDRAWAL OF APPEAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by Merkos L'inyonei Chinuch, Inc. and Otsar Sifrei Lubavitch, Inc., by and through their respective counsel, that this appeal be withdrawn with prejudice pursuant to FRAP 42(b) with each side to bear its own attorneys fees and costs.

Dated: May 31, 2005         Dated: May 31, 2005
New York, New York        New York, New York

COWAN LIEBOWITZ & LATMAN, P.C.        KIRKLAND & ELLIS LLP

By: _____        By: _____
    Kieran G. Doyle (KD 2940)        Joseph Gioconda

1133 Avenue of the Americas        Citigroup Center
New York, NY 10036        153 East 53rd Street
                                                                                 New York, NY 10022-4675

Attorneys for Plaintiff- Appellee        Attorneys for Defendant - Appellant

SO ORDERED this __ day of ___, 2005

_____
U.S. Circuit Clerk